MARK W. GOOD (Bar No. 218809)
TERRA LAW LLP
50 W. San Fernando St., #1415
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: mgood@terra-law.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KONY, INC.,<br><br>　　　　Defendant. | CASE NO.<br><br>**ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR INFRINGEMENT OF PATENT

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant KONY, INC., alleging as follows:

**THE PARTIES**

1.  Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized and existing under the laws of the State of Washington with its principal place of business in the State of Washington.

2.  Upon information and belief, KONY, INC. ("Kony") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7380 Sandy Lake Road, #390, Orlando, FL 32819.  Kony may be served with process through its registered agent, Incorporating Services, Ltd., 7801 Folsom Boulevard, Suite 202, Sacramento, CA  95826.

**JURISDICTION AND VENUE**

3.  This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4.  Upon information and belief, Kony is subject to personal jurisdiction by this Court.  Kony has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity.  Kony makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one.  Upon information and belief, Kony has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California.  For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

**PATENTS-IN-SUIT**

5.  On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

1  SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and
2  made a part hereof.

3      6.    On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was
4  duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,
5  COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX
6  SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and
7  made a part hereof.

8      7.    The '868 Patent and the '765 Patent are sometimes referred to herein collectively
9  as "the Patents-in-Suit."

10     8.    As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to
11 a method and system of protecting electronic, mechanical, and electromechanical devices and
12 systems, such as for example a computer system, and their components and software from
13 unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the
14 utilization of embedded agents within system components to allow for the enablement or
15 disablement of the system component in which the agent is embedded. The invention disclosed
16 in the Patents-in-Suit discloses a server that communicates with the embedded agent through the
17 use of one or more handshake operations to authorize the embedded agent. When the embedded
18 agent is authorized by the server, it enables the device or component, and when not authorized
19 the embedded agent disables the device or component by remotely locking the device.

20 **FIRST CLAIM FOR RELIEF**
21 **(Patent Infringement)**

22     9.    SoftVault repeats and realleges every allegation set forth above.

23     10.    SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce
24 the Patents-in-Suit against infringers, and collect damages for all relevant times, including the
25 right to prosecute this action.

26     11.    Kony has had knowledge of, or was willfully blind to, the existence of the
27 Patents-in-Suit since the filing of this Complaint, if not earlier.
28

12. Upon information and belief, Kony is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

13. Upon information and belief, Kony is also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

14. More specifically, Kony infringes the Patents-in-Suit because it makes, uses, sells, and offers for sale products and systems which prevent unauthorized use of a computer system through the ability to enable or disable the operation of a device's components utilizing an authorization process performed by an embedded agent in the component and a server. By way of example only, Kony's MobileFabric Platform and its Kony Management software (also called Enterprise Mobility Management) which includes mobile device management features, at a minimum, in the past directly infringed and continues to directly infringe at least claims 1 and 44 of the '868 Patent, as well as at least claim 9 of the '765 Patent.

15. Kony provides its Kony Management software that includes the capability to enable or disable a mobile device, such as a tablet or smart phone, to prevent misuse of the system. The Kony Management software includes an agent (Kony client software) that is installed and embedded within a mobile device and communicates with a Kony Management Console server. This communication includes a series of message exchanges, using Secure Sockets Layer (SSL) communication, constituting a handshake operation between the Management Console server and the Kony client software. Through these exchanges the server and the embedded agent mutually authenticate one another, resulting in the authorization of a device in which the Kony client software is embedded. When the agent is authorized by the server, the mobile device operates normally and when the agent is not authorized, the mobile device is remotely locked, wiped, and/or disabled.

16. By providing the Kony Management software, Kony has, in the past induced, and continues to induce, its customers and/or end users to infringe at least claims 1 and 44 of the '868 Patent, as well as at least claim 9 of the '765 Patent. For example, end users of the accused products directly infringe at least claims 1 and 44 of the '868 Patent, as well as at least claim 9 of the '765 Patent, when using or employing these systems.

17. On information and belief, Kony possessed a specific intent to induce infringement by at a minimum, providing user guides and other sales-related materials, and by way of advertising, solicitation, and provision of product instruction materials, that instruct its customers and end users on the normal operation of the accused products and the mobile device management features that infringe the Patents-in-Suit.

18. By providing these systems, Kony has, in the past contributed to, and continues to contribute to, the infringement of their customers and/or end users of at least claims 1 and 44 of the '868 Patent, as well as at least claim 9 of the '765 Patent.

19. Upon information and belief, the remote lock features within Kony's accused products have no substantial non-infringing uses, and Kony knows that these features are especially made or especially adapted for use in a product that infringes the Patents-in-Suit.

20. SoftVault has been damaged as a result of Kony's infringing conduct. Kony, thus, is liable to SoftVault in an amount that adequately compensates SoftVault for Kony's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against Kony, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Kony;

b. Judgment that Kony account for and pay to SoftVault all damages to and costs incurred by SoftVault because of Kony's infringing activities and other conduct complained of herein;

c. That Kony, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

d. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Kony's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| 1 | DATED: November 4, 2016 | /s/ Mark W. Good |

MARK W. GOOD
(Bar No. 218809)
TERRA LAW LLP
50 W. San Fernando St., #1415
San Jose, CA 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  mgood@terralaw.com

Attorney for Plaintiff
SOFTVAULT SYSTEMS, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  blumenfeld@fsclaw.com

4833-8370-2843, v. 1